IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVEN JACKSON, on behalf of himself and others similarly situated,<br>   Plaintiffs,<br><br>V.<br><br>BUFFALO ROCK COMPANY,<br>   Defendant. | CIV. ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

COMES NOW Plaintiff Steven Jackson, individually and on behalf of others similarly situated, by and through undersigned attorney, and files this complaint alleging a violation of the Fair Labor Standards Act ("FLSA") against Defendant Buffalo Rock Company ("Buffalo") and shows the Court as follows:

1. Defendant uniformly denies appropriate overtime payments to its "warehouse coordinators" by wrongfully classifying them as exempt when they do not qualify as exempt under the FLSA.

2. This is a representative action brought pursuant to FLSA §216(b) by Plaintiff on behalf of himself and all other similarly situated current and former "warehouse coordinators" performing work for Buffalo Rock Company at their distribution Centers located throughout Georgia, Florida, and Alabama.  The

purpose of this action is to obtain relief under the FLSA as amended, 29 USC §201 *et. seq.* for losses suffered as a result of Defendant's unlawful acts. Plaintiffs seek compensation for unpaid wages, unpaid overtime wages, liquidated damages, costs, attorney fees, declaratory and injunctive relief and/or any such other relief the court may deem appropriate.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, which confers original jurisdiction upon the district court "of all civil actions arising under the constitution, laws, or treaties of the United States." This action arises by way of the FLSA, a federal statute.

4. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the unlawful conduct occurred in the Northern District of Georgia.

5. "Buffalo" is an employer as defined by 29 U.S.C. §203(d).

6. "Buffalo" is an enterprise engaged in commerce as defined by 29 U.S.C. §203(s)(1)(A)(i) and (ii).

7. "Buffalo" may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure by delivering Summons and Complaint to its Registered Agent C T Corporation System at 1201 Peachtree Street NE, Atlanta Georgia 30361.

## PARTIES

8.    Defendant "Buffalo" operates a warehouse distribution center in Newnan, Georgia.

9.    Defendant has eleven other warehouse distribution centers spread throughout Georgia, Alabama and Florida.

10.   Plaintiffs are current and former employees who work or have worked at a Buffalo Rock Distribution Center in the position of "warehouse coordinator" within the past three years.

11.   "Warehouse Coordinators" are those employees who exercise oversight of team leaders and report to warehouse managers. They help to organize the distribution of supplies onto trailers for distribution throughout the territory.

12.   Plaintiff is a resident and is domiciled in the state of Georgia.

13.   Plaintiff has currently filed his consent to join pursuant to 29 USC §216(b).

## GENERAL ALLEGATIONS

14.   From 2008 until March of 2012 Plaintiff worked as a warehouse coordinator for Buffalo Rock's Newnan, Georgia Plant.

15.   Plaintiff was paid on a salaried basis.

16.   Buffalo wrongly considered warehouse coordinators to be exempt from overtime requirements.

17. Plaintiff regularly worked at least 60 hours per week.

18. Plaintiff was never paid time and a half for his work.

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings Count One as an "opt-in" collective action pursuant to 29 USC §216(b).  In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as a representative of all similarly situated former and current employees of the defendant.  The potential class of "opt-in" employees can be defined as:

> *All current and former warehouse shift coordinators, paid under a compensation system which denied them overtime compensation for hours worked in excess of forty (40) per week.*

20. FLSA claims may be pursued by those who opt-in to this case pursuant to 29 USC §216(b).

21. Plaintiff individually, and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of classifying warehouse coordinators as exempt from the requirements of the FLSA.

22. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of the defendant and potential class members may easily and quickly be notified of the pendency of this action.

23. Potential collective action members may be informed of the pendency of this collective action through direct mail. Plaintiffs believe over 50 employees may have been affected.

24. There are questions of fact and law common to the class that predominates over any questions affecting only individual members. The question of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a) Whether Plaintiffs were compensated for all hours worked;

    b) Whether Plaintiffs worked more than forty hours per week;

    c) Whether Plaintiffs were wrongfully misclassified as exempt;

    d) Whether Defendant's compensation policy and practice is illegal;

    e) Whether Defendant's actions willfully violated the Fair Labor Standards Act;

    f) Whether any exemption applies.

25. The questions set forth above predominate over any questions affecting only individuals, and a collective action is superior to an individual action with respect to considerations of consistency, economy, efficiency, fairness and equity.

26. The collective action representative's claims are typical of those of the similarly situated employees in that these employees have been employed in same

or similar positions as the Collective Action Representative and were subject to the same or similar unlawful practices as the Collective Action Representative.

27. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the similarly situated current and former employees. The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

28. The collective action representative is an adequate representative of similarly situated current and former employees because he is an employee of the same entity and his interests do not conflict with the interests of the other similarly situated current and former employees he seeks to represent. The interest of the members of the class of employees will be fairly and adequately protected by the collective action Representative and his undersigned counsel. Undersigned counsel has the necessary experience to handle multiple Plaintiff and complex lawsuits.

29. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impractical and

undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single collective action can determine, with judicial economy, the rights of all collective action members.

### Count-One Violation of the Fair Labor Standards Act

30. Plaintiffs reassert and incorporate by reference paragraph 1-29 as set forth above as if fully restated herein.

31. As all material times herein Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA, 29 USC §201 *et seq*.

32. The individually named Plaintiff and all similarly situated employees are victims of a uniform and company wide compensation policy that violates the FLSA.

33. Defendant violated the FLSA by failing to pay overtime compensation.

34. Defendant violated the FLSA by misclassifying "warehouse coordinators" as exempt.

35. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years of the filing of this lawsuit or within three years of the time the Plaintiff opted into this lawsuit

...

because Defendant acted willfully and knew or should have known its conduct was prohibited by the FLSA.

36. Pursuant to FLSA, 29 USC. §216(b) successful Plaintiffs are entitled to reimbursement of the costs and attorney fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant Plaintiffs the following relief:

a. At the earliest possible time, issue an order allowing notice or issue such Court supervised notice to all similarly situated current and former Buffalo Rock employees, as described above, of this action and their right to participate in this action.  Such notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to opt-in to this action if they did not receive overtime for hours worked in excess of forty.

b. Issue an Order, pursuant to the Declaratory Relief Act, 28 USC §§2201-2202 declaring the Defendant's actions, as described in the Complaint, are unlawful and in violation of the FLSA.

  c. Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly situated employees damages in the form of reimbursement for unpaid overtime wages for all time spent in excess of forty hours per week.

  d. Issue an order directing and requiring Defendant to pay Plaintiff and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to the amount of damages owed to them.

  e. Issue an Order directing Defendant to pay Plaintiff and all other similarly situated employees for the costs and attorney fees expended in the course of litigating this action, pre-judgment and post-judgment interest.

  f. Provide Plaintiffs with any other further relief the Court deems just and equitable.

This 17th day of July, 2012.

            Respectfully Submitted,

            /s/ *Thomas C. Wooldridge*
            Thomas C. Wooldridge
            GA Bar 384108
            Attorney for Plaintiff

Wooldridge and Jezek, LLP
1230 Peachtree Street NE
Suite 1900
Atlanta, Georgia 30309
Tel: 404.942.3300
Fax: 404.942.3301